IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MUSTAFA NAQIB, | ) | CASE NO. 3:05 CV 7010 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOHN ASHCROFT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before the Magistrate Judge is a return from the District Court[1] of a previously issued Report and Recommendation[2] concerning the disposition of a petition for a writ of habeas corpus filed by Mustafa Naqib.[3] In the return, the District Court has directed the Magistrate Judge to expand the previous Report and Recommendation to address whether the District Court retains jurisdiction to review Naqib's habeas petition, to the extent that it challenges the order removing him from the United States, now that the order has been executed, and seeks other non-habeas relief. For the reasons that follow, the Magistrate Judge resubmits his prior recommendation and further recommends finding (1) that exclusive jurisdiction over Naqib's challenge to his deportation order resides in the United States Court of Appeals for

---

[1] ECF # 10.

[2] ECF # 8.

[3] ECF # 1.

the Sixth Circuit and (2) that this Court lacks subject matter jurisdiction over the claims for damages and costs.

## The Petition

Naqib filed his habeas petition while detained pending removal.[4] The petition primarily asserts that, pursuant to a holding of the United States Supreme Court in *Zadvydas v. Davis*,[5] the Immigration and Naturalization Service (INS) may only detain an alien for a presumptively reasonable period of six months in order to effectuate his removal from the country.[6] Naqib alleges that since he was still in custody awaiting removal more than six months after he was initially detained, he should be granted the writ under the rule set forth in *Zadvydas* and pursuant to the District Court's habeas jurisdiction.[7]

The document filed as the petition is a form pleading containing blank spaces in which Naqib inserted handwriting detailing the facts, arguments, and legal authority that he deemed applicable to his particular case.[8] The form pleading was apparently designed to address pre-removal detention incompatible with the requirements of the *Zadvydas v. Davis* decision. Its form prayer, which Naqib used, sought immediate release by writ of habeas corpus, a

---

[4] ECF # 10 at 1.

[5] *Zadvydas v. Davis*, 533 U.S. 678 (2001).

[6] ECF # 1 at 6.

[7] ECF # 1 at 2, 6.

[8] ECF # 1.

preliminary and permanent injunction against further detention, costs, and other just and proper relief.[9] To this form prayer Naqib added, by handwritten interlineation, a prayer for damages, a stay of removal, and the vacating of his order of removal.[10]

## The First Report and Recommendation and the Return

Because Naqib had already been removed from the United States under an INS removal order at the time his habeas petition came to be decided, the Magistrate Judge recommended denying his habeas petition as moot.[11] However, the District Court, noting that Naqib's petition sought "permanent injunctive relief, vacation of his removal order and damages," was concerned that the entirety of the petition may not be moot. The District Court, therefore, directed the Magistrate Judge to consider these bases for relief in light of the provisions of the Real ID Act of 2005 (RIDA), 8 U.S.C. § 1252(a)(5), and to provide a Report and Recommendation as to whether there are any remaining claims in this petition over which the District Court may exercise jurisdiction.[12]

Initially, the Magistrate Judge observes that Naqib's removal has definitively mooted Naqib's claims for release from pre-removal detention, for injunctive relief from such detention, and for a stay of removal. There plainly is no longer any basis for ordering that

---

[9] ECF # 1 at 8-9.

[10] ECF # 1 at 9.

[11] ECF # 8.

[12] ECF # 10 at 2.

Naqib be released from pre-removal detention when he is not so detained.[13] Similarly, Naqib's request for preliminary and permanent injunctions against future pre-removal detention is also moot.[14] The fact that he has already been removed to Syria obviates any possibility that he would be subject to any future pre-removal detention.[15] Likewise, the final element of his last prayer for relief – that the removal be stayed – is also moot inasmuch as the removal has already occurred.[16] The prior recommendation to dismiss these claims as moot is, therefore, resubmitted.

## Challenge to the Removal Order

Naqib's claim that the removal order was unlawful is subject to 8 U.S.C. § 1252. As recently noted by the district court in *Head v. Crutchfield*,[17] this statute now provides that "a petition for review filed with the appropriate federal court of appeals is the sole and exclusive means for review of any order of removal issued under the Immigration and Naturalization

---

[13] *Head v. Crutchfield*, No. 2:06-CV-12231, 2006 WL 1851268, at *1-2 (E.D. Mich. June 30, 2006).

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Head*, 2006 WL 1851268.

Act."[18] This remedy is "notwithstanding any other provision of law, including 28 U.S.C. § 2241, or any other habeas provision...."[19]

As the Sixth Circuit observed in *Tilley v. Chertoff*,[20] the statute gave the appeals court sole jurisdiction over challenges to any removal order "issued before, on, or after the date of the enactment" of the statute.[21] It further directed that any habeas petition pending in a district court at the time of the statute's enactment in 2005, which challenged the validity of an order of removal, be treated as an application for review of that order and be transferred to the court of appeals.[22]

Here, Naqib's habeas petition was pending in the Northern District of Ohio after 8 U.S.C. § 1252 was passed.[23] As previously noted, the petition contains claims challenging an order of removal issued under the Immigration and Naturalization Act. Those claims, therefore, must be transferred to the Sixth Circuit.[24]

---

[18] *Id.*, at *1 (citations omitted).

[19] *Id.*

[20] *Tilley v. Chertoff*, 144 F. App'x 536 (6th Cir. 2005).

[21] *Id.* at 538. The statute was enacted on May 11, 2005. *Head*, 2006 WL 1851268, at *4.

[22] *Id.*

[23] Naqib filed his petition on January 11, 2005. ECF # 1.

[24] The Magistrate Judge notes that Naqib has already petitioned the Sixth Circuit for review of the Immigration Judge's decision denying his application to cancel his removal. ECF # 1, Ex. 8 (Case No. 03-4094). The Sixth Circuit dismissed that petition for want of jurisdiction. *Id.* This dismissal pre-dated the effective date of the Real ID Act. *Id.* (December 15, 2003).

## The Claim for Damages

Viewing the petition in the light most favorable to Naqib, a *pro se* petitioner, his prayer for damages rests on the allegations that the respondents detained (and eventually deported) him under an unlawful removal order and that a portion of his pre-removal detention was unlawful under the decision in *Zadvydas*.

The only claims asserted against respondents John Ashcroft, Tom Ridge, and Mark Hansen are based upon their status as "custodians" of Naqib in their official capacities as Attorney General, Director of Homeland Security, and District INS Director, respectively.[25] To the extent that Naqib claims monetary damages against these respondents in their official capacities, the claims are considered claims against the United States.[26] The United States has not waived its sovereign immunity on such claims, and, therefore, this Court lacks subject matter jurisdiction to rule on them.[27]

Respondent Todd Smith is sued as the assigned deportation officer.[28] The Court, for the reasons stated above, lacks jurisdiction over claims against him in his official capacity. The petition sets out, however, some specific allegations against Smith for actions thwarting

---

[25] ECF # 1 at ¶¶ 6, 7, and 8.

[26] *Hurtado v. Reno*, 34 F. Supp. 2d 1261, 1264 (D. Colo. 1999).

[27] *Cao v. United States*, 156 F. App'x 48, 50 (9th Cir. 2005); *Hurtado*, 34 F. Supp. 2d at 1264.

[28] ECF # 1 at ¶ 8.

Naqib's efforts to obtain release from pre-removal detention[29] and failure to act on a request for medical treatment.[30]

Naqib does not allege that he is suing Smith individually apart from his official capacity as a deportation officer. The Sixth Circuit established guidelines for determining when a governmental official is being sued in an individual capacity in *Moore v. Harriman*.[31] Under the "course of proceedings" test adopted in *Moore*, absent any indication that the official is being sued individually, the court assumes that he or she is being sued in an official capacity.[32] Indication otherwise can come from the specific allegations in a complaint or from references in later filed motions or briefs.[33]

Here there are no filings to reference on Naqib's behalf beyond his petition. He lists Smith in the caption of the petition with his official title[34] and specifically alleges his position within.[35] There is no reference to Smith as an "individual" respondent, no averment of malice, and no prayer for punitive damages. Under *Moore*, these all point to suit in an

---

[29] ECF # 1 at ¶ 12.

[30] ECF # 1 at ¶ 13.

[31] *Moore v. Harriman*, 272 F.3d 769 (6th Cir. 2001) (en banc).

[32] *Id.* at 772.

[33] *Id.* at 772-73.

[34] ECF # 1 at 1.

[35] ECF # 1 at ¶ 8.

official capacity.[36]  Further, Naqib made no attempt to serve Smith individually with the petition as required by Federal Rule of Civil Procedure 4(i)(2)(B).

Accordingly, Naqib's damage claims should be dismissed for want of subject matter jurisdiction.

## The Claim for Costs

Naqib prays for costs under the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412.

The Equal Access to Justice Act provides for recovery fees and expenses by a prevailing party in an agency adversary adjudication.[37]  Naqib did not prevail before the agency here.  Furthermore, according to the Supreme Court's decision in *Ardestani v. Immigration and Naturalization Service*,[38] deportation proceedings are not adversary adjudications and do not fall within the category of proceedings for which the Act has waived sovereign immunity.[39]  Even if Naqib had prevailed before the agency, this Court would lack subject matter jurisdiction over the claim.[40]

---

[36] *Id.* at 773.

[37] 5 U.S.C. § 504(a)(1).

[38] *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129 (1991).

[39] *Id.* at 139.

[40] *Ardestani v. Immigration & Naturalization Serv.*, 904 F.2d 1505, 1507 (11th Cir. 1990), affirmed, 502 U.S. 129 (1991).

28 U.S.C. § 2412(a)(1) provides for the recovery of costs by a prevailing party in a civil action against the United States.  Again, Naqib is not a prevailing party.  Furthermore, as explained above, this Court has no subject matter jurisdiction over any claims, not moot, asserted in the petition.  The Court cannot enter a judgment on which Naqib might potentially become the prevailing party.

The claim for costs should be dismissed for want of subject matter jurisdiction.

## Conclusion

Based on the foregoing, the Magistrate Judge recommends that the District Judge:

- dismiss the claims for release from pre-removal detention, for injunctive relief from such detention, and for stay of removal as moot;

- transfer the petition to vacate the removal order to the United States Court of Appeals for the Sixth Circuit under 8 U.S.C. § 1252; and

- dismiss the claims for damages and costs for want of subject matter jurisdiction.

Dated:  October 30, 2006　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[41] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).